WILSON TURNER KOSMO LLP
EMILY J. FOX (262106)
RITA M. LEONG (300058)
PATRICIA L. CLARK (346315)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: efox@wilsonturnerkosmo.com
E-mail: rleong@wilsonturnerkosmo.com
E-mail: pclark@wilsonturnerkosmo.com

Attorneys for Defendant
AMAZON.COM SERVICES LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| NICHOLAS BYE, an individual;<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company; and DOES1-50;<br><br>Defendants. | Case No.  37-2023-00000738-CU-WT-CTL<br>[IMAGED]<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Judge:  Hon. Ronald F. Frazier<br>Dept.:  C-65<br><br>Trial Date:  Not Set<br>Complaint Filed:  January 6, 2023 |

Defendant AMAZON.COM SERVICES LLC ("Defendant") hereby responds to the unverified complaint ("Complaint") filed by Plaintiff NICHOLAS BYE ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant generally denies each and every allegation of Plaintiff's unverified Complaint and every purported cause of action alleged therein. Defendant further denies that Plaintiff has suffered damages in any sum, and denies Plaintiff is entitled to the relief claimed, or any relief on the grounds alleged or otherwise.

///

///

**DEFENSES**

The defenses asserted below are based on Defendant's knowledge, information, and belief at this time. Defendant reserves the right to modify, amend, and/or supplement any defense at a later time. Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the following affirmative defenses to Plaintiff's Compliant and prays for judgment as set forth below:

**FIRST DEFENSE**

**(Failure to State Causes of Action)**

The Complaint and each and every purported cause of action thereof fails to state facts sufficient to constitute any cause of action against Defendant.

**SECOND DEFENSE**

**(Statute of Limitation)**

Plaintiff's causes of action and claims therein are barred by the applicable statutes of limitations, including, without limitation, California Code of Civil Procedure §§ 335.1, 340 and 343, and Government Code §12900, et seq.

**THIRD DEFENSE**

**(Laches)**

The Complaint and each cause of action therein are barred by the doctrine of laches.

**FOURTH DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

Plaintiff's claims under the California Fair Employment and Housing Act are barred by Plaintiff's failure to exhaust internal administrative remedies and/or external administrative remedies with the appropriate public or governmental agencies, or as required by applicable law including, but not limited to, those prescribed by Government Code §12900, et seq.

///

///

///

///

**FIFTH DEFENSE**

**(FEHA Claim May Not Exceed Allegations of Administrative Charge)**

Plaintiff's claims under the California Fair Employment and Housing Act may not be maintained to the extent they exceed or differ from the allegations of an administrative charge filed with the appropriate administrative agency.

**SIXTH DEFENSE**

**(At Will Employment)**

Without admitting the allegations of the complaint, Defendant alleges that Plaintiff's employment was at will and could be terminated at any time, with or without cause.

**SEVENTH DEFENSE**

**(Good Faith and Business Necessity)**

The Complaint and each of its causes of action are barred because all acts of Defendant affecting the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by legitimate, non-discriminatory and non-retaliatory reasons and/or as a result of business necessity.

**EIGHTH DEFENSE**

**(Same Decision Defense)**

If it is found that Defendant's actions were motivated by both discriminatory or retaliatory, and non-discriminatory or non-retaliatory reasons, Defendant's non-discriminatory or non-retaliatory reasons alone would have induced them to make the same decision.

**NINTH DEFENSE**

**(Unclean Hands)**

The Complaint and each of its causes of actions are barred, in whole or in part, by the doctrine of unclean hands.

**TENTH DEFENSE**

**(Estoppel)**

The Complaint and each of its causes of action are barred by the doctrine of estoppel.

///

**ELEVENTH DEFENSE**

**(Waiver)**

The Complaint and each of its causes of action are barred by the doctrine of waiver.

**TWELFTH DEFENSE**

**(Obligations Discharged)**

Defendant has performed and fully discharged any and all obligations and legal duties to Plaintiff pertinent to the matters alleged in the complaint.

**THIRTEENTH DEFENSE**

**(Justification and Privilege)**

Regarding all of Plaintiff's causes of action, Defendant's alleged conduct was justified and privileged.

**FOURTEENTH DEFENSE**

**(No Authorization or Ratification)**

Any unlawful or wrongful acts, if there were any, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant, nor did Defendant know nor should it have known of such acts.

**FIFTEENTH DEFENSE**

**(After-Acquired Evidence)**

Based on Plaintiff's alleged wrongdoing, Plaintiff's claim of wrongful discharge is barred in whole or in part by the doctrine of after-acquired evidence.

**SIXTEENTH DEFENSE**

**(Avoidable Consequences Doctrine)**

Defendant exercised reasonable care to prevent and correct promptly any unlawful behavior in the workplace. Defendant is informed and believes, and on that basis alleges, that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant to avoid harm otherwise. By reason of the foregoing, Plaintiff is barred, in whole or in part, from recovery on the alleged causes of action in the Complaint.

///

## SEVENTEENTH DEFENSE

### (Not a Qualified Individual)

To the extent Plaintiff was not able to perform the essential functions of his position with or without reasonable accommodation, Plaintiff was not a qualified individual under the Fair Employment and Housing Act.

## EIGHTEENTH DEFENSE

### (Undue Hardship)

Defendant was not required to make any accommodation that would have constituted an undue hardship.

## NINETEENTH DEFENSE

### (Failure to Provide Adequate Information)

Plaintiff's interactive process claim lacks merit because any breakdown in the interactive process was attributable to Plaintiff's failure to provide adequate information.

## TWENTIETH DEFENSE

### (Workers' Compensation Preemption)

Plaintiff's claims for physical or emotional damages are preempted by the California Workers' Compensation Act.

## TWENTY-FIRST DEFENSE

### (ERISA Preemption)

Damages sought for lost employment benefits in Plaintiff's third, fourth, and fifth causes of action are preempted by the Employment Retirement Income Security Act of 1974.

## TWENTY-SECOND DEFENSE

### (Comparative Fault)

The damages allegedly suffered by Plaintiff, if any, are the direct and proximate result of the acts or omissions of parties other than Defendant, and the liability of Defendant, if any, is limited in direct proportion to the percentage of fault actually attributed to Defendant.

///

///

## TWENTY-THIRD DEFENSE

### (Failure to Mitigate)

Without admitting the allegations of the Complaint, Defendant alleges that if Plaintiff suffered any loss or damage, such loss or damage was proximately caused, at least in part, by Plaintiff's own failure to mitigate against his alleged damages and that, therefore, Plaintiff's claims must be reduced, diminished or defeated by such amounts as should have been so mitigated.

## TWENTY-FOURTH DEFENSE

### (Lack of Outrageous Conduct)

Regarding all of Plaintiff's causes of action, Plaintiff is barred from recovery because Defendant's conduct did not rise to the level of outrageous conduct.

## TWENTY-FIFTH DEFENSE

### (Alternate Stressors)

To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

## TWENTY-SIXTH DEFENSE

### (No Physical Injury)

Plaintiff did not suffer any physical injury and therefore, cannot recover for any mental or emotional distress or injury based on alleged negligent misrepresentations by Defendant.

## TWENTY-SEVENTH DEFENSE

### (Punitive Damages Unwarranted)

Plaintiff is not entitled to recover punitive damages or exemplary damages because none of Defendant's officers, directors or managing agents committed the alleged oppressive, fraudulent or malicious acts, or authorized or ratified the alleged acts, or had advance knowledge of the unfitness of the employee(s) who allegedly committed the acts complained of by Plaintiff.

///

///

///

## TWENTY-EIGHTH DEFENSE

**(Punitive Damages Unconstitutional)**

Regarding all of Plaintiff's causes of action, imposition of punitive damages would violate Defendant's due process and equal protection rights under the United States Constitution.

## TWENTY-NINTH DEFENSE

**(Insufficient Allegations of Punitive Damages Against Corporation)**

Regarding all of Plaintiff's causes of action, Plaintiff's allegations are insufficient to sustain the imposition of punitive damages against corporate Defendant.

## THIRTIETH DEFENSE

**(Attorney's Fees Not Compensable)**

Regarding Plaintiff's eighth cause of action, attorneys' fees are not a compensable damage.

## THIRTY-FIRST DEFENSE

**(Additional Affirmative Defenses)**

Defendant currently has insufficient information available upon which to form a belief as to whether it has additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff's Complaint and all claims and causes of action therein be dismissed with prejudice;

2. That Plaintiff take nothing by way of his Complaint for damages;

3. That judgment be entered against Plaintiff and in favor of Defendant;

4. That Defendant be awarded its costs incurred in this action, including reasonable attorneys' fees; and

///

///

///

///

5. That this court grant Defendant such other and further legal or equitable relief as the court deems just and proper.

Dated: February 8, 2023     **WILSON TURNER KOSMO LLP**

By: *Patricia Clark*
EMILY J. FOX
RITA M. LEONG
PATRICIA L. CLARK
Attorneys for Defendant
AMAZON.COM SERVICES LLC